# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES SEMME FRAZIER ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 08-382 |
| ) | (Criminal No. 02-186) |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

CONTI, District Judge.

Pending before the court is a motion to vacate or set aside judgment of conviction by a person in federal custody pursuant to 28 U.S.C. § 2255 ("petitioner's motion to vacate") (Docket No. 257 at Criminal No. 02-186) filed by petitioner James Semme Frazier ("petitioner"). Also pending before the court is petitioner's motion to amend motion to vacate ("petitioner's motion to amend") (Docket No. 262). Upon reviewing petitioner's motion to vacate, the government's response to petitioner's motion to vacate (Docket No. 258), petitioner's motion to amend, the government's response to petitioner's motion to amend (Docket No. 263), and petitioner's amendment to petitioner's motion to vacate (Docket No. 264), the court will grant petitioner's motion to amend and will deny petitioner's motion to vacate in part for the reasons set forth herein. With respect to the part not denied, the government shall file a response to the amendment (Docket No. 264), within twenty days from the date of the entry of this opinion.

## I. Background

On the night of June 8, 2002, Officer Philip Mercurio ("Officer Mercurio" or Mercurio") and Officer Robert Kavals, while working plain-clothes patrol in a neighborhood known for drug-trafficking, alleged they observed two men engage in a discussion and a hand-to-hand exchange. The officers, thinking the exchange was a possible drug transaction, drove their car toward the men and approached the individual they believed to be the seller. This individual was later identified as petitioner. Mercurio asked to speak with petitioner, and petitioner fled. While fleeing, Mercurio observed petitioner remove a bag of cocaine from his right pocket, which petitioner discarded. Mercurio recovered the bag of cocaine. The officers called for back-up, and law enforcement officials were able to surround petitioner and eventually place him under arrest. After petitioner's arrest, Mercurio identified petitioner, a convicted felon, as the person who had a firearm on May 31, 2002 and fled from the police on that date.

On September 10, 2002, a federal grand jury returned an indictment charging petitioner with possession of a firearm by a convicted felon on or about May 31, 2002, in violation of 18 U.S.C. § 922(g)(1) ("Count One") and with possession with intent to distribute five (5) grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, on or about June 8, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) ("Count Two"). (Docket No. 1.)

Petitioner filed a motion to suppress (Docket No. 18) and a motion to sever the two counts (Docket No. 17). After a suppression hearing, which was held over two days, May 9 and May 23, 2003, the court denied the motion to suppress and granted the motion to sever (Docket Nos. 27, 32, 33). Petitioner was represented by Federal Public Defender Thomas Livingston

("Livingston") during the suppression hearing and the trial of Count One. Count One was tried before a jury, which on October 2, 2003, returned a verdict of guilty. (Docket No. 67.) Petitioner was represented by Attorney Thomas Farrell during the trial of Count Two. Count Two was tried before a jury, and concluded in a mistrial on November 19, 2004. (Docket No. 127.) After a retrial, a jury on March 18, 2005 returned a verdict of guilty at Count Two. (Docket No. 153.)

On December 2, 2004, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 with respect to Count One ("Count One § 2255 Motion"). (Docket No. 129.) Counsel was appointed to represent petitioner and on April 27, May 4, and May 25, 2007, a hearing was held on that motion. After the parties submitted proposed findings of fact and conclusion of law, the court denied the motion. The issues raised in the Count One § 2255 Motion related to alleged ineffective assistance of counsel during the suppression hearing. Petitioner's currently-pending motion to vacate pursuant to 28 U.S.C. § 2255 with respect to Count Two was filed on March 17, 2008, and his motion to amend was filed on August 13, 2008, raising issues of ineffective assistance of counsel, based upon counsel's conduct during the suppression hearing (the motion as amended, "Count Two § 2255 Motion").

**The Suppression Hearing**

On May 9, 2003 and May 23, 2003, this court held the suppression hearing on petitioner's motion seeking to suppress evidence at each count returned in the indictment. (Docket Nos. 27, 29.) At the hearing, petitioner was represented by Livingston. (Petitioner's proposed findings of

fact (Docket No. 254) ("Pet'r's Facts") ¶ 1; Respondent's proposed findings of fact (Docket No. 255) ("Resp't's Facts") ¶ II.B.1; Evid. Hr'g Tr. 5/4/2007 at 15-16.)[1]

Prior to the suppression hearing, Livingston frequently contacted petitioner concerning the strategy to be employed at the suppression hearing. (Evid. Hr'g Tr. 5/4/2007 at 36, 58.)[2] In preparation for the suppression hearing, Livingston visited the scene where Officer Mercurio alleged he observed petitioner engage in a hand-to-hand exchange. (Evid. Hr'g Tr. 5/25/2007 (Docket No. 249) at 28.) In his investigation of the neighborhood and scene of the alleged transaction, Livingston was "trying to figure out with [Officer Mercurio's report], where precisely Mercurio was as another possible basis for impeachment as either lighting conditions or distance or physical objects that would disable him from being able to see this alleged hand-to-hand exchange." (Evid. Hr'g Tr. 5/25/2007 at 22.)

The strategy developed by petitioner and Livingston for the suppression hearing consisted of challenging the credibility of Officer Mercurio. Officer Mercurio was the arresting officer who testified at the suppression hearing. The strategy involved using credible evidence to contradict the officer's testimony and establish a factual basis for suppression. The strategy could also be useful to elicit inconsistent statements to impeach the officer at trial. (Evid. Hr'g Tr. 5/4/2007 at 38.) A collateral aspect of that strategy was to elicit a credibility determination from the court. (Pet'r's Facts ¶ 6; Resp't's Facts ¶¶ II.D.4, 6, 14, II.E.6, 9, 17, 18; Evid. Hr'g Tr. 5/4/2007 at 64-65.)

On May 9, 2003, immediately prior to the commencement of the suppression hearing, the

---

[1] The parties proposed findings of fact were submitted in connection with the Count One § 2255 Motion.
[2] The transcript cited is the transcript of the hearing held in connection with the Count One § 2255 Motion.

government provided Mr. Livingston Jencks[3] material consisting of police reports written by Officer Mercurio regarding the May 31, 2002 (Count One) and June 8, 2002 (Count Two) incidents. (Pet'r's Facts ¶ 2; Resp't's Facts ¶¶ 14, 15.) Livingston did not request a continuance or recess to review the police reports. (Pet'r's Facts ¶ 4.) Mr. Livingston reviewed the police reports before the hearing and reviewed those reports with petitioner in court. (Evid. Hr'g Tr. 5/25/2007 at 21.)

After the Jencks material was received, the defense strategy at the suppression hearing expanded to include an argument that the identification of petitioner by Officer Mercurio for purposes of Count One was fruit of the poisonous tree of the alleged illegal stop being challenged with respect to Count Two. (Evid. Hr'g. Tr. 5/4/2007 at 62.)

At the suppression hearing, Livingston cross-examined Officer Mercurio regarding the duration and quality of his observation of petitioner during the May 31, 2002 encounter. (Supp. Tr. (Docket No. 28) 5/9/2003 at 29-36.) Livingston also cross-examined Officer Mercurio regarding the factual circumstances regarding the entire May 31, 2002 event, including the recovery of a cell phone dropped by the actor during the May 31, 2002 event, and that the actor involved in the May 31, 2002 event had his hair braided in corn rows. (Id. at 27-36, 52-53.) Livingston questioned Officer Mercurio during cross-examination with respect to the identification procedures giving rise to the June 14, 2002 police report identifying petitioner as the actor from the May 31, 2002 event. (Id. at 44-54.)

The facts surrounding the June 8, 2002 encounter were likewise the subject of cross-examination of Officer Mercurio by Livingston, with particular focus upon whether a hand-to-

---

[3]Jencks v. United States, 353 U.S. 657 (1957) (government must produce documents containing statements of a government witness).

hand transaction took place between petitioner and an unknown individual and whether there was physical contact between Officer Mercurio and petitioner prior to petitioner's flight from police on the night in question. (Id. at 36-42.)

During cross-examination of Officer Mercurio, Livingston attempted to impeach the witness by eliciting testimony that would be contradicted by the testimony of the witnesses Livingston would call, consistent with the strategy for the suppression hearing developed by petitioner and Livingston. (Evid. Hr'g Tr. 5/4/2007 at 63; Evid. Hr'g Tr. 5/25/07 at 27-28. 14.) Livingston made use of the police reports he received that morning as Jencks material during his cross-examination of Officer Mercurio at the suppression hearing. (Id. ¶¶ II.E.4, 6, 9, 14; Supp. Tr. 5/9/2003 at 44-52.)

Livingston's cross-examination of Officer Mercurio did not focus on other occasions when Officer Mercurio allegedly lied about individuals dropping contraband because Livingston knew that petitioner would testify – as he did – at the suppression hearing that he actually dropped the contraband. (Evid. Hr'g Tr. 5/25/2007 at 26-27.)

Officer Mercurio testified at the suppression hearing about using binoculars to observe petitioner on June 8, 2002. (Supp. Tr. 5/9/2003 at 23.) Mr. Livingston did not question Officer Mercurio during the suppression hearing about the police report not referring to his using binoculars. (Evid. Hr'g Tr. 5/25/2007 at 25-26.) The police report, however, referred to surveillance being conducted which is not inconsistent with the use of binoculars. (Id.)

At the suppression hearing, petitioner testified about the June 8, 2002 incident. Petitioner stated that he did not engage in a hand-to-hand transaction on that night. (Supp. Tr. 5/9/2003 at 78.) He admitted, however, that as he was fleeing Officer Mercurio, he discarded the contents of

6

his pockets, which included crack cocaine. (Id. at 82-83.) In connection with petitioner's testimony, Livingston moved for the admission of Defendant's Exhibit B, which was a photograph of the block on which Mercurio alleged to have witnessed a hand-to-hand transaction. (Id. at 88.) The photograph was admitted. Using the photograph, Livingston questioned petitioner with respect to the location of the alleged hand-to-hand transaction:

> Q As best you can estimate, in terms of thirds or quarters or halves, how far down was the house where you were when the police approached you, if the starting point is the corner of the alley in 7500, and the next intersection which we have identified as Braddock Avenue, if this would be starting point and this would be one hundred percent?
>
> A Yes.
>
> Q How far along was the row house that we are talking about?
>
> A I would say a little over three-quarters, about 80 percent into the block, into the 7500 block from the 7400 block.
>
> Q So, a police car that would have been unmarked on the 7400 block, he would be at least the distance of the alley plus three-quarters of a smaller city block away - -
>
> A Right.
>
> Q - - correct?
>
> A Yes.

(Id. at 87-88.)

On July 3, 2003, this court denied petitioner's suppression motion. (Docket Nos. 32, 33.)

**Count One**

On October 2, 2003, petitioner was convicted of possession of a firearm by a convicted felon (Count One), after a jury trial. On November 12, 2004, petitioner was sentenced at Count One to imprisonment for a term of eighty-five months to be followed by supervised release for a term of thirty-six months. A judgment with respect to Count One was entered on November 17, 2004 (Docket No. 126), and amended on November 23, 2004 (Docket No. 128). Although petitioner did not appeal the suppression ruling or the sentence at Count One, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal. . . ." Massaro v. United States, 538 U.S. 500, 503 (2003) (citations omitted).[4]

On or about December 2, 2004 the clerk of court received and filed petitioner's Count One § 2255 Motion. (Docket No. 129.) In that motion, petitioner raised several claims challenging the effectiveness of his counsel, Livingston. At the evidentiary hearing on his motion, however, he abandoned all but one of his claims of ineffective assistance of counsel. (Evid. Hr'g Tr. 5/4/2007 at 10-12.) The only claim of ineffective assistance of counsel that he pursued was that Livingston failed to impeach the credibility of the arresting officer, Officer Mercurio, at the suppression hearing by using the police reports and educe a credibility ruling from the court. (Id.; Evid. Hr'g Tr. 5/25/2007 p. 38-39; 46-47.) After an evidentiary hearing and

---

[4]The Supreme Court in Massaro held that ineffective assistance of counsel claims may be collaterally reviewed even when those claims were not raised on direct appeal. Thus, a claim based upon ineffective assistance of counsel is an exception to the general rule that only claims raised on direct appeal may be raised on collateral review absent a showing of cause and prejudice. See Massaro, 538 U.S. 504 (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 621-22 (1998)). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id.

considering the parties' proposed findings of fact and conclusions of law, the court in a written opinion denied the motion. (Docket No. 261.)

**Count Two**

Subsequent to petitioner's conviction at Count One, Count Two was tried before a jury. On March 18, 2005, petitioner was convicted of possession with the intent to distribute 5 grams or more of crack cocaine (Count Two). Sentencing took place on July 28, 2005 and September 6, 2005. Petitioner was sentenced to a term of three hundred sixty months imprisonment, to run concurrent with the eighty-five month sentence imposed at Count One. A judgment with respect to Count Two was entered on September 14, 2005. (Docket No. 180.)

On September 28, 2005, petitioner timely appealed to the United States Court of Appeals for the Third Circuit. On November 26, 2006, the court of appeals affirmed his conviction and sentence. Petitioner filed a petition for writ of certiorari, which was denied on April 5, 2007.

**Hearings with respect to Count One § 2255 Motion**

On April 27, 2007, May 4, 2007 and May 25, 2007, shortly after petitioner's writ of certiorari with respect to Count Two was denied, the court held a hearing regarding petitioner's Count One § 2255 Motion. On July 29, 2008, after reviewing the motion, the government's brief in opposition, and the parties' proposed findings of fact and conclusions of law, the court denied petitioner's Count One § 2255 Motion.

**Section 2255 motion with respect to Count Two**

On March 17, 2008, petitioner filed a second 2255 motion (Docket No. 257), which was limited to challenging the conviction and sentence at Count Two. The conviction and sentence with respect to Count One was not challenged in the Count Two § 2255 Motion. The issues

9

petitioner raised in the Count One § 2255 Motion and the Count Two § 2255 Motion (prior to the proposed amendment) are the same: whether Livingston was unconstitutionally ineffective for failing to impeach Officer Mercurio during the suppression hearing with the police reports turned over to Livingston immediately prior to the suppression hearing, and for failing expressly to request the court to make a credibility determination about Officer Mercurio's testimony ("First Issue"). The government responded to petitioner's Count Two § 2255 Motion on April 8, 2008. (Docket No. 258.)

On August 13, 2008, petitioner filed the motion to amend (Docket No. 262.) Petitioner asserted that his transfer to the court-ordered prison was delayed, and while awaiting transfer, he was not permitted to utilize the law library. Subsequent to the transfer, petitioner became aware of an additional issue that he wanted to include in that motion. On August 13, 2008, petitioner filed the motion to amend seeking to include that issue.

On October 6, 2008, prior to the court ruling upon petitioner's motion to amend, petitioner filed his amendment. (Docket No. 264.) In the amendment, petitioner claimed that Livingston's counsel was ineffective because he failed to request a continuance at the suppression hearing in order to photograph the scene of the alleged drug transaction from the position in which Officer Mercurio testified he observed the transaction ("Second Issue"). Petitioner attached copies of eight photographs of the scene. Petitioner alleges that photographs of the scene would have impeached Officer Mercurio's credibility.

## II. Standard of Review

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motions and files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255 ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005).

Under 28 U.S.C. § 2255, a federal prisoner in custody may move the court which imposed the sentence to vacate, set aside or correct the sentence upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Supreme Court read the statute as stating four grounds upon which relief can be granted:

> (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack."

CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 593 (3d ed. 2004) (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)). The statute provides as a remedy for a sentence imposed in violation of law that "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

**III. Discussion**

    **A. Second section 2255 motion**

As an initial matter, the court notes the unique circumstances of this case. Although the criminal proceedings were initiated by a single indictment and assigned a single criminal case number, the two counts in the indictment – after a single suppression hearing – were severed so that two separate trials would be held. After each count was separately tried, petitioner was found guilty. There were two sentencing hearings and two separate judgments entered. A section 2255 motion was filed by petitioner relating to each judgment.

Subsection (h) of 28 U.S.C. § 2255 provides that "[a] second or successive [2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence . . .; or (2) a new rule of constitutional law . . . ." 28 U.S.C. § 2255(h). The Count Two § 2255 Motion is petitioner's second motion for counts assigned to criminal case number 02-106, and the current motion was not certified by the Court of Appeals for the Third Circuit.

The Rules Governing Section 2255 Proceedings for the United States District Courts, however, provide that "[a] moving party who seeks relief from more than one judgment must file a separate motion covering each judgment." FED. R. GOVERNING § 2255 PROCEEDINGS 2(d). Due to Counts One and Two being severed, this case resulted in two separate judgments. Rule 2(d) clearly provides that for separate judgments, the movant must file separate section 2255 motions. Because two separate judgments were entered against petitioner in this particular case, he properly raised his claims in two separate section 2255 motions.[5]

---

[5]The government agrees that petitioner's motion is not second or successive in nature, but is based on a separate judgment and is therefore properly raised in petitioner's section 2255 motion

**B. Motion to amend**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that collateral attacks upon federal criminal judgments must be filed within one year "from the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a certiorari petition is timely filed, the judgment of conviction becomes final when the Supreme Court denies certiorari or affirms on the merits. See Kapral v. United States, 166 F.3d 565, 569-71 (3d Cir. 1999). Here, petitioner's judgment of conviction at Count Two became final on April 5, 2007, when his certiorari petition was denied. AEDPA's time limit expired one year later, on April 5, 2008. On August 13, 2008, petitioner filed the motion to amend. Even though the court had not ruled on that motion, petitioner filed the amendment to the motion to vacate on October 6, 2008.

Petitioner's motion to amend and the amendment were filed after one year from the date upon which petitioner's judgment became final. The amendment, however, is not necessarily time-barred, depending upon whether the new claim in the amendment relates back to the original 2255 petition at Count Two. Subsection (c)(1)(B) of Federal Rule of Civil Procedure 15 provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. PROC. 15(c)(1)(B). 28 U.S.C. § 2242 provides that Federal Rules of Civil Procedure apply to federal habeas petitions. 28 U.S.C. § 2242 (the application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").

---

at Count Two.

In Mayle v. Felix, 545 U.S. 644, 650-51 (2005), the defendant Felix, after being found guilty on state charges of murder and robbery, appealed on the ground that the admission of videotaped statements of a witness violated the confrontation clause of the Sixth Amendment. The intermediate appellate court affirmed the conviction, and the state supreme court denied his petition for review. Within AEDPA's one-year statute of limitations, Felix timely filed a petition for a writ of habeas corpus in federal district court, also alleging the Sixth Amendment confrontation clause violation. Id. at 651. Over five months after the expiration of AEDPA's time limit, Felix filed an amended petition, asserting his Sixth Amendment claim and additionally asserting that the trial court's admission of coerced statements he made during a pretrial police interrogation violated his Fifth Amendment rights. Id. at 652.

Felix argued both his Fifth and Sixth Amendment claims arose out of the same conduct, transaction, or occurrence, because both claims challenged the constitutionality of the same conviction. Id. For that reason, Felix argued that the timing of his amended petition related back to the time he filed the original petition. The United States Supreme Court, however, noted that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659. The Supreme Court held that Felix's claims were not united by a common core of operative facts, because each claim targeted separate episodes that occurred at different times and places – the videotaped pretrial interrogation of the witness, and the pretrial interrogation of Felix. The Supreme Court further explained that the trial itself was not a transaction or occurrence. Id. at 660-61.

This case is distinguishable from Mayle. Here, the claim asserted by petitioner in his amendment was that Livingston's counsel denied him effective assistance, because Livingston

14

failed to file a motion for a continuance at the suppression hearing to take photographs of the scene where Officer Mercurio alleged that he observed a hand-to-hand drug transaction. Petitioner argues these photographs could have been used to impeach Officer Mercurio. This claim and the claim raised in petitioner's timely filed section 2255 motion at Count Two concern the same decision, event, and time – Livingston's strategic decision at the suppression hearing with respect to impeaching Officer Mercurio. Petitioner's amendment therefore relates back to the filing date of his original section 2255 motion, and is hence timely asserted. See Brumfield v. Cain, No. 04-787, 2008 WL 2600140 at *16 (M.D. La. Jun. 30, 2008) (amended habeas petition, which added new evidence, related back to a timely-asserted original habeas petition, since both concerned the same event in time – the trial court's decision to deny a hearing.)

As the court finds that petitioner's amendment is timely, the court will grant petitioner's motion to amend. The government responded to the First Issue which will be addressed below. The government shall file a response to the Second Issue included in petitioner's amendment within twenty days of the date this opinion is entered. The court will consider the merits of the Second Issue after the response has been filed.

**C. First Issue raised in Count Two § 2255 Motion**

**1. A hearing is not needed on the First Issue**

In this situation, the motion and the files and records of the case conclusively demonstrate that petitioner is not entitled to relief on the First Issue raised in the Count Two § 2255 Motion. The record was fully developed with respect to the First Issue. A hearing on that claim is not necessary, and the court will deny the motion with respect to that claim.

15

In the First Issue, petitioner argues that he was denied effective assistance of counsel at the suppression hearing held on May 9 and May 23, 2003. Petitioner argues that Livingston's strategy was to challenge Officer Mercurio's credibility. Petitioner argues that Livingston received incident reports immediately prior to the hearing, but he failed to peruse thoroughly the reports prior to examining Officer Mercurio. If Livingston would have requested a recess and reviewed the reports, petitioner alleges Livingston would have been able to impeach Officer Mercurio with numerous contradictory statements. Petitioner also argues that despite Livingston's strategy, he failed to request that the court make a credibility determination at the conclusion of the suppression hearing. Petitioner argues these failures amount to ineffective assistance of counsel.

In his Count One § 2255 Motion filed December 2, 2005, petitioner pursued only one of the claims he raised: his assertion that Livingston's counsel at the suppression hearing was unconstitutionally ineffective because he failed to use incident reports to impeach Mercurio and educe a credibility determination from the court. That is identical to the First Issue petitioner is raising in the Count Two § 2255 Motion.

Rule 4(b) of the Rules Governing 2255 Proceedings provides that: "If it plainly appears from the motion, any attached exhibits, and *the record of prior proceedings* that the moving party is not entitled to relief, the judge must dismiss the [section 2255] motion and direct the clerk to notify the moving party." FED. R. GOVERNING § 2255 PROCEEDINGS 4(b) (emphasis added). The threshold the movant must meet to obtain an evidentiary hearing is considered to be low. United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2007) (internal citations omitted). The advisory committee notes with respect to rule 4 explain "[s]ince the motion is part of the criminal action

16

in which was entered the judgment to which [the motion] is directed, the files, records, transcripts, and correspondence relating to that judgment are automatically available to the judge in his consideration of the motion." FED. R. GOVERNING § 2255 PROCEEDINGS 4(b) advisory committee's notes.

Despite the low threshold, petitioner is not entitled to an evidentiary hearing in this case with respect to the First Issue. The record, as already established, clearly demonstrates that petitioner is not entitled to relief on the claim that Livingston provided ineffective assistance of counsel at the suppression hearing because he failed to use police reports to impeach Mercurio and educe a credibility determination from the court. A complete evidentiary record was developed with respect to the claim pursued in petitioner's Count One § 2255 Motion; the record includes the original suppression hearing transcript, the Count One § 2255 Motion and the responses to that motion, the Count One § 2255 Motion evidentiary hearing transcript, and the parties' post-hearing findings of fact and conclusions of law. Because the claim pursued in petitioner's Count One § 2255 Motion is identical to the First Issue asserted in his Count Two § 2255 Motion, the record includes sufficient evidence to dispose of the First Issue raised in petitioner's Count Two § 2255 Motion. For the same reasons set forth in the court's Memorandum Opinion dated July 29, 2008 regarding petitioner's Count One § 2255 Motion (Docket No. 261), no additional hearing is needed with respect to the First Issue and the relief requested in the First Issue included in the Count Two § 2255 Motion will be dismissed.

**IV. Conclusion**

And now, this 22nd day of January, 2009, upon consideration of petitioner's motion and the government's brief in opposition, the court will grant petitioner's motion to amend motion to vacate (Docket No. 262). The court will deny in part petitioner's motion to vacate or set aside judgment of conviction by a person in federal custody pursuant to 28 U.S.C. § 2255 (Docket No. 257). The motion will be denied with respect to the First Issue, i.e. the issue of ineffective assistance of counsel for allegedly not impeaching Officer Mercurio with the police reports and not educing a credibility determination by the court. The government shall, within twenty days of the entry of this opinion, file a response to the Second Issue, i.e. the issue of ineffective assistance of counsel for allegedly not taking and introducing photographs of the scene to impeach Officer Mercurio as raised in petitioner's amendment (Docket No. 264). A final order will be entered after the court rules upon the Second Issue.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

cc: counsel of record