IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SEMME FRAZIER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 10-1335 |
| | ) | Criminal No. 02-186 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

**CONTI**, District Judge.

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 by a person in federal custody (the "Motion" (ECF No. 279)) at Criminal No. 02-186, filed by petitioner James Semme Frazier ("petitioner" or "Frazier").[1] Petitioner requests relief on the grounds of "actual innocence" due to a substantive change of law that was not previously available, specifically, the Fair Sentencing Act of 2010 ("Fair Sentencing Act" or "FSA"), Pub.L. 111–220, 124 Stat. 2372 (2010). Petitioner argues that under the new standards promulgated in the FSA, he is no longer guilty of 21 U.S.C. § 841(b)(1)(B) and would therefore not have been a career offender at the time of his sentencing under United States Sentencing Guideline § 4B1.1.

Previously, on January 22, 2009, the court denied petitioner's motion to vacate or set aside his judgment of conviction pursuant to 28 U.S.C. § 2255 with respect to petitioner's claim that his counsel, Federal Public Defender Thomas Livingston ("Livingston"), was ineffective for failing to use police reports to impeach a witness, but granted petitioner's motion to amend the

---

[1] 28 U.S.C. § 2241 governs a prisoner's "application for a writ of habeas corpus" by a prisoner. Both petitioner and the government refer to this writ as a "motion to vacate conviction and sentence." For purposes of clarity, the court will refer to the writ as the "Motion."

earlier § 2255 motion to include a claim that Livingston was ineffective for failing to request a continuance to take photographs of the scene where a police officer alleged that he observed a hand-to-hand drug transaction. (ECF No. 268.) On June 24, 2009, the court issued a memorandum opinion and order (the "Memorandum Opinion"), denying petitioner's amended § 2255 motion to vacate. (ECF No. 278.) Upon reviewing the Motion and the government's response thereto (ECF No. 281), the court will deny the Motion for the reasons set forth below.

## I. Background[2]

On the night of June 8, 2002, Officer Philip Mercurio ("Mercurio") and Officer Robert Kravals, while working plain clothes patrol in a neighborhood known for drug-trafficking, alleged they observed two men engage in a discussion and hand-to-hand exchange. The officers, thinking the exchange was a possible drug transaction, drove their car toward the men and approached the individual they believed to be the seller. This individual was later identified as petitioner. Mercurio asked to speak with petitioner, and petitioner fled. While fleeing, Mercurio observed petitioner remove a bag of cocaine from his right pocket, which petitioner discarded. Mercurio recovered the bag of cocaine. The officers called for backup, and law enforcement officials were able to surround petitioner and eventually place him under arrest. After petitioner's arrest, Mercurio identified petitioner, a convicted felon, as the person who had a firearm on May 31, 2002 and fled from police on that date.

On September 10, 2002, a federal grand jury returned an indictment charging petitioner with possession of a firearm by a convicted felon on or about May 31, 2002, in violation of 18

---

[2] Because the court assumes familiarity with the facts described in the memorandum opinion dated June 24, 2009 (the "Memorandum Opinion"), the court will only discuss the relevant facts needed to resolve the instant motion to vacate (the "Motion" (ECF No. 278)).

U.S.C. § 922(g)(1) ("Count One") and with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a schedule II controlled substance, on or about June 8, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)(iii) ("Count Two"). (ECF No. 1.)

Petitioner filed a motion to suppress (ECF No. 18) and a motion to sever the two counts. (ECF No. 17.) After a suppression hearing, which was held over two days, May 9 and May 23, 2003, the court denied the motion to suppress and granted the motion to sever. (ECF Nos. 27, 32, 33.) Petitioner was represented by Livingston during the suppression hearing and the trial of Count One. Count One was tried before a jury, which on October 2, 2003, returned a verdict of guilty. (ECF No. 67.) Petitioner was represented by Attorney Thomas Farrell during the trial of Count Two. Count Two was tried before a jury, and concluded in a mistrial on November 19, 2004. (ECF No. 127.) After a retrial, a jury on March 18, 2005, returned a verdict of guilty at Count Two. (ECF No. 153.)

On December 2, 2004, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 with respect to Count One ("Count One § 2255 Motion"). (ECF No. 129.) Counsel was appointed to represent petitioner and a hearing was held on that motion. The issues raised in the Count One § 2255 Motion related to alleged ineffective assistance of counsel during the suppression hearing. After the parties submitted proposed findings of fact and conclusions of law, the court denied the motion. On March 17, 2008 petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 with respect to Count Two ("Count Two § 2255 Motion"), in relation to possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). On August 13, 2008, petitioner filed an amended motion to vacate pursuant to 28 U.S.C. 2255 with

3

respect to Count Two. After the parties submitted proposed findings of fact and conclusions of law, the court denied the amended Count Two § 2255 Motion on August 13, 2008.

On October 12, 2010 petitioner filed the currently-pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with respect to Count Two. Petitioner's motion and the government's response to petitioner's motion (ECF No. 281) raise issues regarding: a) the availability of relief for petitioner under 28 U.S.C. § 2241; and b) the retroactive application of the Fair Sentencing Act.

**II. Standard of Review**

The disposition of the Motion requires the court to determine whether the Motion is properly brought under § 2241 or must be brought under § 2255. In order for a habeas petition under § 2241 to avoid summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (28 U.S.C. § 2254), petitioner must demonstrate that the court has jurisdiction under § 2241 and that the relief provided through § 2255 is "inadequate or insufficient." 28 U.S.C. §§ 2241, 2255. Because "the usual avenue for federal prisoners seeking to challenge the legality of their confinement" is through a § 2255 motion, the court will first examine § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> ...
> (d) An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
> (e) **An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention**.
> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> (g) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on review, the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.
> (h) **A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--**
> **(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or**
> **(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable**.

28 U.S.C. § 2255 (emphasis added).

The requirement of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (1996) (the "AEDPA") that second or successive § 2255 motions be certified by a panel to contain either newly discovered evidence or a new rule of constitutional law is codified in relevant part at 28 U.S.C § 2255(h)(1-2). Approval by the panel must be granted in accordance with the provisions of 28 U.S.C. § 2244, which includes a one year limitations period. In the event that the relief provided by § 2255 is "inadequate or ineffective" to test the legality of a prisoner's detention, the petitioner may instead resort to a § 2241 motion (rather than seek panel certification under § 2244). United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000). Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
> (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.(c) **The writ of habeas corpus shall not extend to a prisoner unless--**
> ...
> (3) **He is in custody in violation of the Constitution or laws or treaties of the United States**; or
> ....

28 U.S.C. § 2241 (emphasis added).

Legal scholars have examined the specific circumstances under which use of § 2241 in lieu of § 2255 is appropriate because the relief provided by § 2255 is inadequate or ineffective.

> **If relief is possible under § 2255, it is the exclusive remedy and habeas corpus is barred for a federal prisoner. However, the statute as quoted above does not bar resort to habeas corpus under § 2241 if "the remedy by motion is inadequate or ineffective to test the legality of his detention." This "savings**

> **clause" applies only when a prisoner cannot use § 2255 and when failure to allow for collateral review would raise serious constitutional questions, as when the prisoner is imprisoned for a nonexistent offense.** Other unusual cases that may allow for the use of the writ because § 2255 is ineffective include those cases in which the defendant was committed for mental incompetency, was confined in prison without any judgment of a court, challenges the manner in which his sentence is being executed, or claims he is being held after expiration of his sentence.
> **The § 2255 remedy is not inadequate or ineffective simply because the prisoner is barred from relief due to a procedural barrier such as the statute of limitations or procedural default....** A few cases have held habeas corpus was available after a defendant has had a § 2255 motion denied. This conclusion is ill-advised, because the court for the district in which the prisoner is confined cannot be permitted to second guess the sentencing court and the Court of Appeals to which it is responsible.

3 CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 623 (4th ed.) (footnote omitted).

Thus, a federal prisoner whose initial § 2255 motion was denied may again challenge his conviction or sentence by gaining certification from a panel or, if he can demonstrate that the relief provided by § 2255 is "inadequate or ineffective," through a § 2241 motion; however, "if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction." Selby v. Scism, Civil No. 3:10-cv-1554, 2010 WL 3812012, at *3 (M.D.Pa. Aug. 18, 2010) (citing Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)).

III.  Discussion

A § 2241 writ is a procedural alternative to § 2255 only if a petitioner demonstrates § 2255 is "inadequate or ineffective." Petitioner's procedural argument for the use of § 2241 is

premised on his being unable to request § 2255 relief because he previously challenged his sentence under § 2255 and the one year deadline under the AEDPA has expired. (Pet'r's Mot. at 6.) Petitioner argues that he cannot obtain certification for a second or successive § 2255 petition because his claim does not include newly discovered evidence or a new rule of constitutional law. Id. As discussed below, however, the futility of additional § 2255 motions does not enable petitioner to avoid the constraints of § 2255 by seeking relief under § 2241. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. U.S., 307 F.3d 117 2002 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Under § 2255, an application for a writ of habeas corpus in behalf of a prisoner (a § 2241 motion) shall not be entertained by a court that previously denied such prisoner relief under that section unless it appears that a § 2255 motion is "inadequate or ineffective." 28 U.S.C. § 2255. The Court of Appeals for the Third Circuit has further held that § 2255 is not "inadequate or ineffective" because petitioner's § 2255 motion has been or would be unsuccessful, but only because "petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam). Thus, the relief provided by § 2255 cannot be found to be "inadequate or ineffective" merely because petitioner's previous § 2255 motions were denied and he cannot meet the requirements for an additional § 2255 motion.

Petitioner's § 2241 motion must also be disallowed because petitioner cannot show that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3). The Court of Appeals for the Third Circuit has recognized one narrow exception to the almost exclusive relief provided by § 2255 when a prior conviction no longer entails conduct which is unlawful. See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997) (a petitioner was entitled to the writ of habeas corpus under § 2241 where the collateral remedy of § 2255 was unavailable to address imprisonment for a crime (using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)) negated by an intervening decision (Bailey v. United States, 516 U.S. 137 (1995)); the gatekeeping provisions of the AEDPA were enacted and the Bailey decision was issued after the petitioner filed the first § 2255 motion). Petitioner argues that he meets this exception because the "intent" of the Fair Sentencing Act was for the law to be "curative and remedial," the Fair Sentencing Act created a substantive change in law, and petitioner is "actually innocent" under the revised Fair Sentencing Act. (Pet'r's Mot. at 6, 9.)

Petitioner's assertion of actual innocence due to a substantive change in law is based on the changes to the Fair Sentencing Act's conviction requirements under 21 U.S.C. § 841(b)(1)(B). The Fair Sentencing Act changed the predicate amount of cocaine base required for conviction under 21 U.S.C. § 841(b)(1)(B) from five grams to twenty-eight grams. Petitioner argues that his pre-Fair Sentencing Act conviction under 21 U.S.C. § 841(b)(1)(B) (which carried a maximum of life in prison for a defendant, like himself, with a prior felony drug conviction) caused him to be sentenced as a career offender under U.S.S.G. §4 B1.1. (Pet'r's Mot. at 7.) Petitioner further claims that under the Fair Sentencing Act he would no longer meet the requirements for conviction under 21 U.S.C. § 841(b)(1)(B) and therefore would not have been sentenced as a career offender. Id. Petitioner argues that retroactive application of the Fair Sentencing Act renders him "actually innocent" under 21 U.S.C. § 841(b)(1)(B) and eliminates

his career offender status. Petitioner's arguments misconstrue the effect of the Fair Sentencing Act because the changes enacted by the Fair Sentencing Act do not provide petitioner with his requested relief.

Petitioner's argument that he can seek relief under § 2241 because the Fair Sentencing Act created a substantive change of law is unavailing. The court in Selby v. Scism, explored the application of the Dorsainvil exception to § 2255 on facts similar to those at issue in this Motion. Under a § 2241 writ, Selby, a federal prisoner, challenged his classification as a career offender (based on § 4 B 1.2 of the United States Sentencing Guidelines) and argued that he is "actually innocent" in light of the retroactive application of the United States Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008). Selby, 2010 WL 3812012, at *1. The court denied Selby's petition and explained that it did not fit the exception outlined in Dorsainvil because the intervening decision in Begay did not represent a change in substantive law, but was a fundamental change in sentencing law. Selby, 2010 WL 3812012, at *3. The court held that Selby's conduct was still unlawful and explained that related claims would properly be framed under a § 2255 motion, rather than a § 2241 habeas petition. Id. "[C]ourts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement." Id. at *5 (citing: Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D.Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D. Pa. Sept. 14, 2006)). Similarly, with respect to petitioner's case, the Fair Sentencing Act is a change in sentencing law, rather than a substantive change in the law and as such does not render petitioner "actually innocent" of his conviction.

Finally, with respect to mandatory minimum sentences, the Fair Sentencing Act cannot be retroactively applied to a person who was sentenced prior its enactment. See United States v. Reevey, 631 F.3d 110 (3d Cir. 2010). Petitioner's argument that he is entitled to file a § 2241 motion based upon a fundamental change of law created by the Fair Sentencing Act is unavailing. To the extent petitioner is entitled to seek a retroactive effect under the Fair Sentencing Act with respect to the guidelines, he will need to file a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).[3]

IV. Conclusion

Petitioner's § 2241 petition for a writ of habeas corpus motion must be denied. Plaintiff did not show that the relief provided by § 2255 is inadequate or ineffective and therefore this court lacks subject-matter jurisdiction over his § 2241 petition. This conclusion is without prejudice to defendant seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).

**ORDER**

And now this 5th day of April, 2012, for reasons set forth in the accompanying Memorandum Opinion,

---

[3] A district court may grant a motion to reduce a defendant's sentence under 18 U.S.C. 3582(c) only when "a defendant ... has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant is not eligible for a reduction under § 3582(c)(2) if another statute or provision, such as a statutory mandatory minimum, controls the defendant's sentence. *See United States v. Doe,* 564 F.3d 305, 312 (3d Cir.2009).

United States v. Surratt, No. 10-2303, 2011 WL 5925306 (3d Cir Nov. 29, 2011).

**IT IS HEREBY ORDERED** that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by James Semme Frazier is DENIED.

                                                    By the court,

                                                    /s/ JOY FLOWERS CONTI
                                                    Joy Flowers Conti
                                                    U.S. District Judge

cc:
JAMES SEMME FRAZIER
07530-068
USP Canaan
U.S. Penitentiary
Post Office Box 300
Waymart, PA 18472