**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | )  Criminal No. 02-186 |
| **JAMES SEMME FRAZIER,** | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

CONTI, Senior District Judge

### I.     Introduction

Pending before the court is a pro se motion to correct clerical error, (ECF No. 306), filed by defendant James Semme Frazier ("Frazier"), who is in the custody of the Federal Bureau of Prisons ("BOP") in Coleman, Florida, (ECF No. 306-1). On September 24, 2019, this court granted Frazier's unopposed motion to reduce sentence (ECF No. 303) filed under the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, and entered an order (ECF No. 305) and amended judgment (ECF No. 304) reducing the sentence imposed upon Frazier at count two of the indictment. Frazier in his pro se motion argues that this court's amended judgment does not accurately reflect his sentence in this case, and, therefore, the BOP has inaccurately calculated his remaining sentence. (ECF No. 306.) The government argues, among other things, that this court should not entertain Frazier's motion because he is represented by counsel with respect to his First Step Act motion, this court is without authority to amend the amended judgment, and he may have recourse against the BOP for its miscalculation of his sentence under 28 U.S.C. § 2241 in the jurisdiction in which he is incarcerated. (ECF No. 307.)

For the reasons set forth in this opinion, the court agrees with the government.  This court's amended judgment issued against Frazier under the First Step Act only altered his sentence by reducing the length of the term of imprisonment imposed at count two of the indictment. All the other provisions of the judgment dated September 14, 2005, which included the amendments set forth in the order dated September 28, 2005, that provided the sentences imposed at counts one and two shall fully concurrently run, shall concurrently run with any state sentence, be served in state custody, and begin on September 19, 2002, remained in full force and effect. His motion must be denied because Frazier is currently represented by counsel with respect to the First Step Act. If, as it appears, the error that occurred was the BOP's miscalculation of his term of imprisonment, he must raise that issue in the proper forum. The denial of Frazier's motion will be without prejudice to him raising the BOP's miscalculation of his sentence under the appropriate statute in the appropriate jurisdiction.

## II.     Procedural History

On September 10, 2002, a federal grand jury returned an indictment charging Frazier with possession of a firearm by a convicted felon on or about May 31, 2002, in violation of 18 U.S.C. § 922(g)(1) (count one) and with possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, on or about June 8, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (count two). (ECF No. 1.)

The court granted Frazier's motion to sever counts one and two for trial. Count one was tried first, and on October 2, 2003, a jury found Frazier guilty of possession of a firearm by a convicted felon (count one). On November 12, 2004, Frazier was sentenced at count one to a term of imprisonment of eighty-five months to be followed by a term of supervised release of

thirty-six months. (ECF Nos. 124, 126.)

In March 2005, Frazier was convicted by a jury of count two of the indictment. (ECF No. 153.) On September 6, 2005, this court sentenced Frazier with respect to count two. (ECF Nos. 179, 180.)  The court on the record during the sentencing stated:

> [I]t is the judgment of the Court that the defendant, James Semme Frazier, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 360 months. The defendant's sentence is to run concurrent with the defendant's unexpired term of imprisonment imposed by this Court at count one of the same indictment filed at 02-186 on November 12, 3 2004.

(H.T. 9/06/2005 (ECF No. 199) at 27.) The court's judgment entered on September 14, 2005, however, provided that the term of imprisonment imposed at count two was "360 months." (ECF No. 180 at 2.) The court did not provide any instruction in the judgment that the sentence imposed at count two was to concurrently run with the term of imprisonment of 85 months previously imposed upon Frazier at count one of the indictment. (Id.)

On September 15, 2005, Frazier filed a motion to amend judgment, or in the alternative, to vacate judgment for resentencing. (ECF No. 183.) Frazier explained that because the court did not specify in the judgment entered on September 14, 2005, that the term of imprisonment imposed at count two was to concurrently run with the term of imprisonment imposed previously upon Frazier at count one, the BOP would consecutively run the two terms of imprisonment. (Id. ¶ 4.) Frazier also informed the court that after sentencing in this case with respect to count two, he was transferred to state custody to serve a state sentence for a state parole violation sustained in the Allegheny County Court of Common Pleas at Docket No. CC9616266.[1] (Id. ¶ 5.) According to Frazier:

---

[1]     As the government explains in its response in opposition to Frazier's pending motion:

Frazier had initially been in state custody from his arrest in June 2002, had remained

- the court and parties at the time of sentencing with respect to count two "assumed" that he would receive "credit for the three years he…[had] been in custody awaiting final resolution of his federal charges" (id.);

- because the court at the time of sentencing with respect to count two was unaware that he was in primary state custody, it did not specify that his sentences imposed at counts one and two should concurrently run with any state sentence imposed for the state parole violation and be served in state custody (id.);

- he would not receive federal credit for the three years he was detained pending resolution of this federal case or any time served in state custody for the state parole violation (ECF No. 183 ¶ 5);

- his federal sentence would not begin until he served the term of imprisonment imposed for the state parole violation (id.); and

- under those circumstances, the court should amend the judgment dated September 14, 2005, with respect to count two to specifically state that the sentence imposed at count two should fully concurrently run with the term of imprisonment imposed at count one, and the federal sentence imposed in this case shall run concurrently with any state sentence imposed, be served in state custody, and begin on September 19, 2002 (id.)

The court granted Frazier's motion and on September 28, 2005, entered an order amending

the judgment entered on September 14, 2005. The September 28, 2005 order provided:

[I]t is ORDERED that page two of the Judgment, "Imprisonment," is amended to state:

Pursuant to 18 U.S.C. §3584(a) and (b) and U.S.S.G., §5G1.3(c), the sentence at Count II of 360 months of imprisonment shall be fully concurrent to the sentence at Count I. Defendant's sentence shall run concurrent to any state sentence and should be served in state custody, beginning September 19, 2002.

---

in primary state custody due to a parole detainer, had been moved to federal custody only under a writ of habeas corpus ad prosequendum, and had returned to state custody after his federal sentencing for completion of his parole proceedings. Dkt. No. 183 at 2-3. This meant that the federal sentence ordinarily would not start to run until Frazier's release from state custody, unless the Court stated that the Defendant's sentence should be served in state custody beginning on September 19, 2002 (the date of his federal initial appearance). Dkt. No. 183 at 3-4 (citing Barden v. Keohane, 921 F.2d 476, 480 (3d Cir. 1990)).

(ECF No. 307 at 2.)

(ECF No. 187.) Thus, Frazier's sentence at count two of the indictment was set forth in the judgment entered September 14, 2005, as amended by the order dated September 28, 2005.

On July 9, 2019, Frazier filed a pro se letter requesting relief under the First Step Act. (ECF No. 301.) On September 18, 2019, an assistant Federal Public Defender for this district entered his appearance on behalf of Frazier. (ECF No. 302.) On the same day, Frazier's counsel filed an unopposed motion to reduce sentence under the First Step Act. (ECF No. 303.) In the motion, Frazier requested the court to reduce Frazier's sentence to

> a total of 262 months, consisting of 85 months at Count One and 262 months at Count Two, to be served concurrently; and reducing his sentence of supervised release to 3 years at each of Counts One; and 6 years at Count Two to be served concurrently, pursuant to Section 404 of the First Step Act.

(Id. at 1.) On September 24, 2019, this court signed an order granting Frazier's First Step Act motion.[2] (ECF No. 305.) The order provided that Frazier's sentence at count two would be reduced from a term of imprisonment of 360 months

> to a term of imprisonment of 262 months at count two, to be concurrently served with the term of imprisonment of 85 months imposed at count one on November 23, 2004, and a term of supervised release of six years at count two, to be concurrently served with the term of supervised release of three years imposed at count one on November 23, 2004, with all conditions of supervised release originally imposed upon defendant to remain in full force and effect; and
>
> **IT IS FURTHER ORDERED** that all other provisions of the Judgments entered on November 23, 2004, and September 14, 2005, unless otherwise referred to in this order and the accompanying order reducing defendant's sentence, shall remain unchanged and in full force and effect.

(ECF No. 305.) On the same day, the court signed an amended judgment under the First Step Act.[3]

(ECF No. 304.) The amended judgment entered under the First Step Act provided:

---

[2]     The order granting Frazier's First Step Act motion was signed on September 24, 2019, and entered on the docket by the court eight days later on October 2, 2019. (ECF No. 305.)

[3]     The amended judgment reducing Frazier's sentence under the First Step Act was signed

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____360 months at count two_____ **is reduced to** _____262 months at count two_____ and the term of supervised release of 8 years at count two **is reduced to** 6 years at count two.

The term of imprisonment of 262 months at count two shall concurrently run to the term of imprisonment previously imposed at count one of 85 months, and the term of supervised release of 6 years at count two shall concurrently run to the term of supervised release previously imposed at count one of three years.

(ECF No. 304.) The amended judgment also provided: "**Except as otherwise provided, all provisions of the judgment dated 9/14/2005 shall remain in effect.**" (<u>Id.</u> (emphasis added).) As explained above, the judgment dated September 14, 2005, included the amendments set forth in the order dated September 28, 2005.

On March 6, 2020, Frazier filed the pending motion to correct clerical error arguing that the BOP is calculating his reduced sentence of 262 months as "22 years, 7 months, and 24 days."

---

by the court on September 24, 2019, and entered on the docket seven days later on October 1, 2019.

The order granting Frazier's First Step Act motion should have been entered on the docket immediately before the amended judgment reducing Frazier's sentence under the First Step Act; indeed, the order granting Frazier's First Step Act motion refers to the amended judgment dated September 24, 2019, as if it had been entered on the docket immediately after the entry of the order granting the motion. (ECF No. 305 ("all other provisions of the Judgments entered on November 23, 2004, and September 14, 2005, unless otherwise referred to in this order and ***the accompanying order reducing defendant's sentence***, shall remain unchanged and in full force and effect") (emphasis added).)

Any error created by the docketing of the order and amended judgment out of order and belatedly, i.e., approximately one week after the documents were signed by the court, was inadvertent and does not substantively change the amended judgment, which reduced Frazier's sentence at count two and incorporated by reference the September 14, 2005 judgment, as amended by the September 28, 2005 order.

(ECF No. 306 at 3.) According to Frazier, the BOP would properly calculate his sentence if the court amended its order amending judgment to provide:

> [T]he sentence at Count 2 shall be fully concurrent to [the] sentence at Count 1…beginning **RETROACTIVELY** [on] September 19, 2002.

(Id. at 4.)

On March 20, 2020, the government filed a response to Frazier's motion. (ECF No. 307.) In the motion, the government argues, among other things, that this court should deny the motion because: (1) Frazier filed his motion pro se while represented by counsel with respect to the First Step Act; and (2) Frazier's motion does not describe a clerical error, which this court has authority to correct. The government acknowledges, however, that while "[t]his Court's October 2019 rulings did not specifically refer to the September 28, 2005 order…[it] did not directly contradict it either[,]" and under those circumstances, Frazier may be able to challenge the BOP's computation of his sentence by pursuing his administrative remedies with the BOP and by filing a motion under 28 U.S.C. § 2241 in the district of his confinement, i.e., the Middle District of Florida. (Id. at 7.)

Frazier's motion to correct clerical error having been fully briefed is now ripe to be decided.

**III.    Discussion**

   **A.  Frazier is not entitled to hybrid representation.**

The Third Circuit Court of Appeals has explained:

> Pro se litigants have no right to "hybrid representation" because "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). "Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously ... request[s] that ... counsel be silenced." Id.

United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). A court may deny a pro se motion filed while the defendant is represented by counsel, United States v. Cunningham, No. CR 05-601-02, 2006 WL 8446206, at *2 (E.D. Pa. Aug. 17, 2006) ("Defendant has not asked to dismiss his counsel and represent himself and his attorney has not adopted the instant Motion, the Motion may, therefore, be denied on this ground."), and refer the motion to the defendant's counsel to address the issues raised in the pro se motion with the defendant, Turner, 677 F.3d at 578 (explaining the Third Circuit Court of Appeals' rule pursuant to which pro se motions filed by represented parties are forwarded to the counsel of record).

On September 18, 2019, an assistant Federal Public Defender for this district entered his appearance on behalf of Frazier and filed a First Step Action motion of Frazier's behalf. (ECF Nos. 302, 303.) On March 6, 2020, Frazier filed the pending motion to correct clerical error. (ECF No. 306.) Frazier's counsel has not withdrawn his appearance in this case, i.e., Frazier was represented by counsel on March 6, 2020, when he filed his motion to correct clerical error and is currently represented by counsel. Frazier is not entitled to hybrid representation in this case. Under those circumstances, his motion to correct clerical error, which is based upon the original First Step Act motion filed by his counsel and the court's amended judgment issued in response to the First Step Act motion, will be denied without prejudice. The motion to modify will be referred to Frazier's counsel for Frazier's counsel to review and discuss with Frazier.

**B. Even if Frazier's pro se motion was properly before this court, this court did not commit a clerical error, and there is no need to correct the amended judgment under Federal Rule of Criminal Procedure 36.**

Frazier requests the court to modify its amended judgment reducing his sentence under the First Step Act because the court made a clerical error in the amended judgment. Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may

at any time correct a clerical error in a judgment, order, or other part of the record, or correct an

error in the record arising from oversight or omission." One court has explained:

> "[A] clerical error must not be one of judgment or even misidentification, but
> merely of recitation, of the sort that a clerk or amanuensis…might commit,
> mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir.
> 1987)….So, although Rule 36 permits modification of sentences resulting from
> clerical errors in the judgment, it furnishes no basis for correcting a sentence's
> substantive errors. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005); see
> also United States v. Werber, 51 F.3d 342, 347–48 (2d Cir. 1995) (holding that a
> correction to a sentence based on the sentencing judge's unstated intention to credit
> a defendant for time served in presentence detention amounts to a correction based
> on "an error of law, not an error of transcription" and thus falls outside the scope
> of Rule 36).

United States v. Maney, No. CR 03-448, 2017 WL 1838767, at *2 (D.N.J. May 8, 2017) (footnotes

omitted). The Third Circuit Court of Appeals has explained that *substantive* changes in the

judgment imposing sentencing may not be amended via Rule 36. United States v. Bennett, 423

F.3d 271, 278 (3d Cir. 2005). The court in Bennett explained:

> "As courts have held in the context of Rule 36's twin, Federal Rule of Civil
> Procedure 60(a), a clerical error "must not be one of judgment or even of
> misidentification, but merely of recitation, of the sort that a clerk or amanuensis
> might commit, mechanical in nature." This definition of a clerical error is equally
> applicable in the context of Rule 36.... Because the ... errors were made in the oral
> order itself, they arose from an oversight or omission by the court, rather than
> through a clerical mistake, and thus are not within the purview of Rule 36."

Id. (quoting United States v. Guevremont, 829 F.2d 423, 426 (3d Cir.1987)).

In contrast to Rule 36, Federal Rule of Criminal Procedure 35 provides, in pertinent part:

> **(a) Correcting Clear Error.** Within 14 days after sentencing, the court may
> correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a).

Here, the court's amended judgment reducing Frazier's sentence under the First Step Act

accurately sets forth the sentence requested by Frazier's counsel in his First Step Act motion. The

amended judgment entered under the First Step Act altered the judgment entered on September

14, 2005, which included the amendments set forth in the order dated September 28, 2005, only to the extent it reduced the terms of imprisonment and supervised release imposed at count two, as permitted by the First Step Act.[4] Indeed, the amended judgment entered under the First Step Act provided: "Except as otherwise provided, all provisions of the judgment dated <u>9/14/2005</u> shall remain in effect." (ECF No. 304.) The order granting the First Step Act motion, which was signed on the same date as the amended judgment, provided: "[A]ll other provisions of the Judgments entered on November 23, 2004, and September 14, 2005, **unless otherwise referred to in this order and the accompanying order reducing defendant's sentence, <u>shall remain unchanged and in full force and effect</u>**." (ECF No. 305 (emphasis added).)

As discussed above, the judgment dated September 14, 2005, included the amendments set forth in the order dated September 28, 2005. The September 14, 2005 judgment, therefore, included the following provisions: "[T]he sentence at Count II of 360 months of imprisonment shall be fully concurrent to the sentence at Count I. Defendant's sentence shall run concurrent to any state sentence and should be served in state custody, beginning September 19, 2002." (ECF No. 187.) Neither the amended judgment entered under the First Step Act nor the order granting Frazier's First Step Act motion altered or otherwise changed that language. The terms of imprisonment imposed at counts one and two, therefore, shall run fully concurrently and the

---

[4]       Under the First Step Act, a district court has limited authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act…were in effect at the time the covered offense was committed." First Step Act § 404(b). The First Step Act does not *expressly* authorize a district court to conduct a plenary resentencing of the defendant. A district court cannot conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act" were in effect when the defendant committed the offense. First Step Act § 404(b).

federal sentence imposed in this case shall concurrently run with any state sentence, be served in state custody, and begin on September 19, 2002. There was no clerical error made.[5]

It appears that the BOP failed to recognize that the judgment entered September 14, 2005, included the amendments set forth in the order dated September 28, 2005. All the provisions of the judgment dated September 14, 2005, which was amended by the order dated September 28, 2005, however, remain in full force and effect. Based upon the foregoing, to the extent Frazier's pro motion to correct clerical error is properly before the court, it would need to be denied.

### C. Frazier may have recourse against the BOP under 28 U.S.C. § 2241 in the district in which he is confined.

28 U.S.C. § 2241 "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir.2005)). The Third Circuit Court of Appeals has defined "execution" as "to 'put into effect' or 'carry out.'" Id. (quoting Woodall, 432 F.3d at 243). Under § 2241, a federal prisoner may challenge "BOP conduct that conflict[s]…with express statements in the applicable sentencing judgment." Id. To challenge the BOP's execution of his or sentence, a federal prisoner must "allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment."[6] Id.

---

[5]   Assuming for the sake of argument that the court's statement in the amended judgment reducing Frazier's sentence under the First Step Act that "[e]xcept as otherwise provided, all provisions of the judgment dated 9/14/2005 shall remain in effect[,]" (ECF No. 304), was unclear, it would be a clerical error not to include that the judgment dated September 14, 2005, was amended by the order dated September 28, 2005.

[6]   A federal prisoner must exhaust his administrative remedies before seeking relief under § 2241. The Third Circuit Court of Appeals has explained:

Federal prisoners are ordinarily required to exhaust available administrative remedies before seeking relief under § 2241. Moscato v. Fed. Bureau of Prisons,

Here, the court discerns that Frazier in his pro se motion to correct clerical error is attacking the BOP's execution of his sentence rather than the validity[7] of the amended sentence set forth in the court's amended judgment reducing his sentence under the First Step Act. Frazier is alleging that the BOP calculated his sentence and is executing his sentence in a way that contradicts the sentence imposed by this court. Any inconsistency between the sentence imposed by this court and the BOP's calculation may be due to the BOP's failure to recognize that the judgment entered September 14, 2005, included the amendments set forth in the order dated September 28, 2005. Frazier, therefore, may be entitled to relief under § 2241 if he exhausts his administrative remedies within the BOP,[8] files a habeas petition in the district in which he is incarcerated, and can show that the BOP's execution of his sentence contradicts the sentence imposed by this court.

## IV.   Conclusion

This court will not entertain Frazier's pro se motion to correct clerical error (ECF No. 306) because he is represented by counsel and not entitled to hybrid representation. The motion will, therefore, be denied. Even if this court could consider Frazier's motion, however, it would be denied because this court did not make a clerical error in the amended judgment issued pursuant to the First Step Act. Under that amended judgment, Frazier's sentence imposed at counts one and

---

98 F.3d 757, 760 (3d Cir.1996); see also Rogers v. United States, 180 F.3d 349, 358 & n. 16 (1st Cir.1999); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir.1981) (per curiam). In order to exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process.4 Moscato, 98 F.3d at 761–62.

Muniz v. Zickefoose, 460 F. App'x 165, 166 (3d Cir. 2012).

[7]   28 U.S.C. § 2255 confers federal courts with jurisdiction over habeas petitions filed by federal inmates that attack the validity of a sentence as opposed to an attack on the execution of a sentence by the BOP. Cardona, 681 F.3d at 535.

[8]   Here, the court does not opine whether Frazier has exhausted his administrative remedies within the BOP.

two shall fully concurrently run and his federal sentence imposed at counts one and two shall concurrently run with any state sentence imposed, be served in state custody, and begin on September 19, 2002. To the extent the BOP's calculation of Frazier's sentence contradicts with the foregoing and the BOP is improperly executing the sentence, Frazier may be entitled to relief under § 2241. The motion to correct clerical error will, therefore, be denied without prejudice to Frazier filing an appropriate motion in the appropriate district in accordance with this opinion.

An appropriate order will be entered.

BY THE COURT,

Dated: April 30, 2020

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Court Judge