**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 02-186 |
| **JAMES SEMME FRAZIER,** | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

### I.       Introduction

Pending before the court are: (1) a pro se motion to correct clerical error (ECF No. 330), filed by defendant James Semme Frazier ("Frazier" or "defendant"); (2) a pro se motion by Frazier for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 (ECF No. 331); and (3) a motion to correct error in judgment pursuant to Fed. R. Crim. P. 36 (ECF No. 339), filed by counsel for Frazier.

The federal public defender's office entered an appearance after Frazier's pro se motions were filed.  Defendant and the government agreed that defense counsel would file a motion to supersede Frazier's pro se motion at ECF No. 330 (but not the pro se motion at ECF No. 331) and agreed on a briefing schedule for the government's responses to the motions (ECF Nos. 335, 338).  The government filed responses in opposition to the motions (ECF Nos. 334, 341, 342) and Frazier filed a pro se reply in support of his motion for reduction of sentence (ECF No. 343). The motions are ripe for decision.

II.     **Factual and Procedural Background**

On September 10, 2002, a federal grand jury returned an indictment charging Frazier with possession of a firearm by a convicted felon on or about May 31, 2002, in violation of 18 U.S.C. § 922(g)(1) (count one); and possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base, in the form commonly known as crack, a Schedule II controlled substance, on or about June 8, 2002, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (count two). (ECF No. 1.)

The court granted Frazier's motion to sever counts one and two for trial. Count one was tried first, and on October 2, 2003, a jury found Frazier guilty of possession of a firearm by a convicted felon (count one). On November 12, 2004, Frazier was sentenced at count one to a term of imprisonment of eighty-five months to be followed by a term of supervised release of thirty-six months. (ECF Nos. 124, 126.)

In March 2005, Frazier was convicted by a jury of count two of the indictment. (ECF No. 153.) On September 6, 2005, this court sentenced Frazier with respect to count two. (ECF Nos. 179, 180.)  The court stated on the record during the sentencing:

> [I]t is the judgment of the Court that the defendant, James Semme Frazier, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for 360 months. The defendant's sentence is to run concurrent with the defendant's unexpired term of imprisonment imposed by this Court at count one of the same indictment filed at 02-186 on November 12, 2004.

(H.T. 9/06/2005 (ECF No. 199) at 27.) The court's judgment entered on September 14, 2005, however, provided that the term of imprisonment imposed at count two was "360 months." (ECF No. 180 at 2.) The court did not provide any instruction in the judgment that the sentence imposed at count two was to concurrently run with the term of imprisonment of eighty-five months previously imposed upon Frazier at count one of the indictment. (Id.)

On September 15, 2005, Frazier filed a motion to amend judgment, or in the alternative, to vacate judgment for resentencing. (ECF No. 183.) Frazier explained that because the court did not specify in the judgment entered on September 14, 2005, that the term of imprisonment imposed at count two was to concurrently run with the term of imprisonment imposed previously upon Frazier at count one, the BOP would consecutively run the two terms of imprisonment. (Id. ¶ 4.) Frazier also informed the court that after sentencing in this case with respect to count two, he was transferred to state custody to serve a state sentence for a state parole violation sustained in the Allegheny County Court of Common Pleas at Docket No. CC9616266. (Id. ¶ 5.) According to Frazier:

- the court and parties at the time of sentencing with respect to count two "assumed" that he would receive "credit for the three years he…[had] been in custody awaiting final resolution of his federal charges" (id.);

- because the court at the time of sentencing with respect to count two was unaware that he was in primary state custody, it did not specify that his sentences imposed at counts one and two should concurrently run with any state sentence imposed for the state parole violation and be served in state custody (id.);

- he would not receive federal credit for the three years he was detained pending resolution of this federal case or any time served in state custody for the state parole violation (ECF No. 183 ¶ 5);

- his federal sentence would not begin until he served the term of imprisonment imposed for the state parole violation (id.); and

- under those circumstances, the court should amend the judgment dated September 14, 2005, with respect to count two to specifically state that the sentence imposed at count two should fully concurrently run with the term of imprisonment imposed at count one, and the federal sentence imposed in this case shall run concurrently with any state sentence imposed, be served in state custody, and begin on September 19, 2002 (id.)

The court granted Frazier's motion and on September 28, 2005, entered an order amending the judgment entered on September 14, 2005. The September 28, 2005 order provided:

[I]t is ORDERED that page two of the Judgment, "Imprisonment," is amended to state:

> Pursuant to 18 U.S.C. §3584(a) and (b) and U.S.S.G., §5G1.3(c), the sentence at Count II of 360 months of imprisonment shall be fully concurrent to the sentence at Count I. Defendant's sentence shall run concurrent to any state sentence and should be served in state custody, beginning September 19, 2002.

(ECF No. 187.) Thus, Frazier's sentence at count two of the indictment was set forth in the judgment entered September 14, 2005, as amended by the order dated September 28, 2005.

On July 9, 2019, Frazier filed a pro se letter requesting relief under the First Step Act (ECF No. 301). On September 18, 2019, an assistant Federal Public Defender for this district entered his appearance on behalf of Frazier (ECF No. 302.) On the same day, Frazier's counsel filed an unopposed motion to reduce sentence under the First Step Act. (ECF No. 303.) In the motion, Frazier requested the court to reduce Frazier's sentence to

> a total of 262 months, consisting of 85 months at Count One and 262 months at Count Two, to be served concurrently; and reducing his sentence of supervised release to 3 years at each of Counts One; and 6 years at Count Two to be served concurrently, pursuant to Section 404 of the First Step Act.

(Id. at 1.) On September 24, 2019, this court signed an order granting Frazier's First Step Act motion. (ECF No. 305.) The order provided that Frazier's sentence at count two would be reduced from a term of imprisonment of 360 months

> to a term of imprisonment of 262 months at count two, to be concurrently served with the term of imprisonment of 85 months imposed at count one on November 23, 2004, and a term of supervised release of six years at count two, to be concurrently served with the term of supervised release of three years imposed at count one on November 23, 2004, with all conditions of supervised release originally imposed upon defendant to remain in full force and effect; and
>
> **IT IS FURTHER ORDERED** that all other provisions of the Judgments entered on November 23, 2004, and September 14, 2005, unless otherwise referred to in this order and the accompanying order reducing defendant's sentence, shall remain unchanged and in full force and effect.

4

(ECF No. 305.) On the same day, the court signed an amended judgment under the First Step Act

(ECF No. 304.) The amended judgment entered under the First Step Act provided:

**ORDER REGARDING MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☒ the court under 18 U.S.C.
§ 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has
subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C.
§ 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10
and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in
the last judgment issued)* of _____ 360 months at count two _____ **is reduced to** _____ 262 months at count two _____ and

the term of supervised release of 8 years at count two **is reduced to** 6 years at count two.

The term of imprisonment of 262 months at count two shall concurrently run to the term of imprisonment
previously imposed at count one of 85 months, and the term of supervised release of 6 years at count two shall
concurrently run to the term of supervised release previously imposed at count one of three years.

(ECF No. 304.) The amended judgment also provided: "**Except as otherwise provided, all
provisions of the judgment dated 9/14/2005 shall remain in effect.**" (Id. (emphasis added).)
As explained above, the judgment dated September 14, 2005, included the amendments set forth
in the order dated September 28, 2005.

On April 30, 2020, the court issued an opinion and order denying Frazier's pro se motion
to amend his sentence, in which he argued that this court's amended judgment does not
accurately reflect his sentence in this case (ECF Nos. 308, 309). The court explained that the
amended judgment only altered his sentence by reducing the length of the term of imprisonment
imposed at count 2 of the indictment and all the other provisions of the judgment dated
September 14, 2005, which included the amendments set forth in the order dated September 28,
2005, remained in full force and effect.  The court noted that Frazier may be able to challenge the
BOP's computation of his sentence by pursuing his administrative remedies with the BOP and by
filing a motion under 28 U.S.C. § 2241 in the district of his confinement, i.e., the Middle District

of Pennsylvania.[1]  Frazier did not appeal that decision.

### III.   Discussion

#### A.  Frazier is not entitled to hybrid representation.

In its April 30, 2020 opinion, the court set forth the principles of law prohibiting hybrid representation.  The current situation requires a reiteration of those principles.  The Third Circuit Court of Appeals has explained:

> Pro se litigants have no right to "hybrid representation" because "[a] defendant does not have a constitutional right to choreograph special appearances by counsel." McKaskle v. Wiggins, 465 U.S. 168, 183, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). "Once a pro se defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously ... request[s] that ... counsel be silenced." Id.

United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). A court may deny a pro se motion filed while the defendant is represented by counsel, United States v. Cunningham, No. CR 05-601-02, 2006 WL 8446206, at *2 (E.D. Pa. Aug. 17, 2006) ("Defendant has not asked to dismiss his counsel and represent himself and his attorney has not adopted the instant Motion, the Motion may, therefore, be denied on this ground"), and refer the motion to the defendant's counsel to address the issues raised in the pro se motion with the defendant, Turner, 677 F.3d at 578 (explaining the Third Circuit Court of Appeals' rule pursuant to which pro se motions filed by represented parties are forwarded to the counsel of record).

---

[1] The government's suggestion that USP-Canaan is in the Eastern District of Pennsylvania (ECF No. 342 at 6) is incorrect.  See Davis v. Fed. Bureau of Prisons, No. 1:23-CV-459, 2023 WL 5515731, at *1 (M.D. Pa. Aug. 25, 2023) (§ 2241 petition transferred to the Middle District of Pennsylvania because inmate was confined in Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania).

Frazier's pending pro se motions (ECF Nos. 330, 331) were filed on December 12, 2023. An assistant Federal Public Defender for this district entered her appearance on behalf of Frazier on January 8, 2024 (ECF No. 333).

On January 24, 2024, counsel for Frazier filed the pending motion to correct error in the judgment (ECF No. 339), which addresses the same topic as Frazier's pro se motion at ECF No. 330. Frazier is not entitled to hybrid representation on those motions. Because there is a counseled motion filed on the same topic on his behalf, Frazier's pro se motion at ECF No. 330 will be denied as superseded. The court will address the merits of the counseled motion filed at ECF No. 339.

Counsel entered her appearance for the limited purpose of the motion to correct the judgment (ECF No. 339 at 3 n.2). Because Frazier's counsel did not address the pro se motion for a sentence reduction (ECF No. 331), and it was filed while Frazier was not represented by counsel, the court will address that pro se motion on the merits.

### B. Motion to correct the amended judgment under Federal Rule of Criminal Procedure 36 (ECF No. 339)

Frazier, through counsel, requests that the court modify its amended judgment (ECF No. 304) because the court made a clerical error in the amended judgment. Specifically, Frazier contends that the amended judgment failed to incorporate, expressly or by reference, the time credit and concurrency language of its September 28, 2005 order (ECF No. 187), which amended in part the September 14, 2005 judgment (ECF No. 180). Counsel reports that the federal bureau of prisons ("BOP") is not giving full time credit to Frazier.

The government opposes the motion, for several reasons: (1) there was no clerical error; (2) the court rejected this argument in its April 30, 2020 opinion (which Frazier did not appeal) and the current motion is an unwarranted motion for reconsideration; and (3) the correct vehicle

to challenge the BOP's calculation error is a § 2241 motion in the district of his confinement.  The court agrees with the government.

The court thoroughly analyzed (and ultimately rejected by reason of the September 28, 2005 amendment already being part of the September 14, 2005 judgment) Frazier's argument in its April 30, 2020 opinion (ECF No. 308).  Frazier failed to file a timely appeal.  Frazier did not articulate a cognizable basis for reconsideration now, after the passage of several years.  He points to no new evidence, change of law, clear error or manifest injustice.  The court's April 30, 2020 analysis is law of the case.  In any event, the court adheres to its analysis, as set forth in that opinion:

> Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." One court has explained:

>> "[A] clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis…might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)….So, although Rule 36 permits modification of sentences resulting from clerical errors in the judgment, it furnishes no basis for correcting a sentence's substantive errors. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005); see also United States v. Werber, 51 F.3d 342, 347–48 (2d Cir. 1995) (holding that a correction to a sentence based on the sentencing judge's unstated intention to credit a defendant for time served in presentence detention amounts to a correction based on "an error of law, not an error of transcription" and thus falls outside the scope of Rule 36).

> United States v. Maney, No. CR 03-448, 2017 WL 1838767, at *2 (D.N.J. May 8, 2017) (footnotes omitted). The Third Circuit Court of Appeals has explained that *substantive* changes in the judgment imposing sentencing may not be amended via Rule 36. United States v. Bennett, 423 F.3d 271, 278 (3d Cir. 2005). The court in Bennett explained:

>> "As courts have held in the context of Rule 36's twin, Federal Rule of Civil Procedure 60(a), a clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." This definition of a clerical error is equally applicable in the context of Rule 36…. Because the … errors

were made in the oral order itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36."

Id. (quoting United States v. Guevremont, 829 F.2d 423, 426 (3d Cir.1987)).

In contrast to Rule 36, Federal Rule of Criminal Procedure 35 provides, in pertinent part:

**(a) Correcting Clear Error.** Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a).

Here, the court's amended judgment reducing Frazier's sentence under the First Step Act accurately sets forth the sentence requested by Frazier's counsel in his First Step Act motion. The amended judgment entered under the First Step Act altered the judgment entered on September 14, 2005, which included the amendments set forth in the order dated September 28, 2005, only to the extent it reduced the terms of imprisonment and supervised release imposed at count two, as permitted by the First Step Act. Indeed, the amended judgment entered under the First Step Act provided: "Except as otherwise provided, all provisions of the judgment dated 9/14/2005 shall remain in effect." (ECF No. 304.) The order granting the First Step Act motion, which was signed on the same date as the amended judgment, provided: "[A]ll other provisions of the Judgments entered on November 23, 2004, and September 14, 2005, **unless otherwise referred to in this order and the accompanying order reducing defendant's sentence, shall remain unchanged and in full force and effect**." (ECF No. 305 (emphasis added).)

As discussed above, the judgment dated September 14, 2005, included the amendments set forth in the order dated September 28, 2005. The September 14, 2005 judgment, therefore, included the following provisions: "[T]he sentence at Count II of 360 months of imprisonment shall be fully concurrent to the sentence at Count I. Defendant's sentence shall run concurrent to any state sentence and should be served in state custody, beginning September 19, 2002." (ECF No. 187.) Neither the amended judgment entered under the First Step Act nor the order granting Frazier's First Step Act motion altered or otherwise changed that language. The terms of imprisonment imposed at counts one and two, therefore, shall run fully concurrently and the federal sentence imposed in this case shall concurrently run with any state sentence, be served in state custody, and begin on September 19, 2002. There was no clerical error made.

(ECF No. 308 at 8-11) (footnotes omitted).

In the April 30, 2020 opinion, the court noted that Frazier could seek relief from the BOP's implementation of the amended judgment under § 2241.  28 U.S.C. § 2241 "'confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.'" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir.2005)). The Third Circuit Court of Appeals has defined "execution" as "to 'put into effect' or 'carry out.'" Id. (quoting Woodall, 432 F.3d at 243). Under § 2241, a federal prisoner may challenge "BOP conduct that conflict[s]…with express statements in the applicable sentencing judgment." Id. To challenge the BOP's execution of his or sentence, a federal prisoner must "allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Id.  The court explained in the April 20, 2020 opinion that Frazier is attacking the BOP's execution of his sentence rather than the validity of the court's amended judgment, i.e., Frazier is alleging that the BOP is carrying out his sentence in a way that contradicts the sentence imposed by this court.  (ECF No. 308).

For the reasons set forth above, and in the April 30, 2020 opinion, the motion to correct error in the amended judgment (ECF No. 339) will be denied without prejudice to Frazier's ability to file an appropriate § 2241 motion in the appropriate federal district court.

### C.  Motion to reduce sentence (ECF No. 331)

Frazier, acting pro se, seeks a sentence reduction under § 3582(c)(2)(A).  He cites the following extraordinary and compelling reasons: (1) he has served more than 10 years of an unusually long sentence, per U.S.S.G. § 1B1.13 (b)(6); (2) he would not be classified as a career offender if sentence was imposed today; (3) his circumstances, including his age at offense (23), difficult childhood, current familial support, health conditions (sciatica, migraines, high blood

pressure), and trauma from the high security prison environment are similar in gravity to enumerated reasons; and (4) he has served 21 years in prison and is 45 years old, appreciates the value of law and order and is eager to rejoin civilized society.  Frazier's release date is August 12, 2024.

https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited Feb. 26, 2024.

The government filed a preliminary response (ECF No. 334), contending that Frazier failed to exhaust his administrative remedies.  Frazier filed a reply (ECF No. 340) and attached a letter from the warden denying his internal request for compassionate release and advising Frazier that he "may petition your sentencing court directly."  (ECF No. 340-1).  The government filed a supplemental preliminary response (ECF No. 341), agreeing that the warden had received Frazier's internal request (albeit from BOP regional counsel).  Despite the language in the warden's response denying Frazier's administrative request for release and advising Frazier to file a motion with the court, the government contends that Frazier must still file a notice on the court's docket stating that 30 days has passed.  On February 13, 2024, Frazier filed a reply (ECF No. 343) to the government's supplemental preliminary response, reiterating that the warden had received (and denied) his internal request.  The court notes that, in any event, more than 30 days have passed since the warden received Frazier's request and the government agrees the warden denied that request.  The court will assume, without deciding, that Frazier exhausted his administrative remedies.

The government did not file a response to the merits of Frazier's pending motion.  The government, however, did file a substantive response (ECF No. 327) in opposition to a previous motion for release pursuant to 18 U.S.C. § 3582 filed by Frazier in September 2022 (ECF No. 321), which similarly argued for a sentence reduction on the ground that Frazier would no longer

be considered a career offender.  In December 2022, after the government's response, the court granted Frazier's request to withdraw that motion (ECF Nos. 328, 329).  Attached to the government's response were copies of Frazier's prison disciplinary record (ECF No. 327-1, 327-2).  The court has reviewed Frazier's presentence investigation report ("PIR") prepared April 6, 2005.

## 1.  Applicable Law

Frazier seeks compassionate release from imprisonment.[2] A district court has only limited authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); United States v. Savani, 733 F.3d 56, 60 (3d Cir. 2013). The Third Circuit Court of Appeals has recognized that Congress enacted exceptions to this "general rule of finality" in 18 U.S.C. § 3582(c)(1). United States v. Easter, 975 F.3d 318, 323 (3d Cir. 2020) (explaining that "[s]entence modifications under § 3582(c) constitute 'exception[s] to the general rule of finality' of sentences") (quoting Dillon v. United States, 560 U.S. 817, 824 (2010)).

Section 3582(c)(1)(A) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case--
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

---

[2] In his reply to the government's second preliminary response, Frazier stated, confusingly, that he was "not asking for early release," but was "only asking for the removal of the wrongful career offender designation and a sentence within Defendant's applicable guideline range." (ECF No. 343 at 5-6).  Frazier explained this would result in a "time served" sentence. Id.

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission….

18 U.S.C. § 3582(c)(1)(A). The foregoing statutory provision sets forth a three-part analysis for district courts to utilize to resolve a motion for compassionate release. The Third Circuit Court of Appeals has instructed that pursuant to § 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release … if it finds that … extraordinary and compelling reasons warrant such a reduction.'" United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). "[B]efore granting compassionate release," however, "a district court must 'consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)). The court must also consider whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. § 3582(c)(1)(A). United States v. Doe, 833 F. App'x 366, 367 n.2 (3d Cir. 2020).

Based upon the foregoing, to grant Frazier compassionate release under § 3582(c)(1)(A), the court must analyze whether: (1) extraordinary and compelling reasons exist for his release; (2)

compassionate release is warranted in consideration of the § 3553(a) factors;[3] and (3) compassionate release is consistent with applicable policy statements issued by the Sentencing Commission.

Frazier bears the burden of proof by a preponderance of the evidence to show that he is entitled to compassionate release. United States v. Smith, No. CR 9-187, 2020 WL 4047485, at *2 (W.D. Pa. July 20, 2020) (citing United States v. Adeyemi, No. CR 06-124, 2020 WL 3642478, at *16 (E.D. Pa. July 6, 2020)). Courts have held that to satisfy this burden, a movant must produce evidence to the court. See e.g., United States v. Matthews, Crim. Action No. 09-612-1, 2020 WL 5217132, at *6 (E.D. Pa. Sept. 1, 2020).

## A.  Extraordinary and Compelling Reasons

Prior to the enactment of the First Step Act on December 21, 2018, only the Director of the BOP could file a motion for a sentence reduction under §3582(c)(1)(A)(i).  Ray v. Finley, No.

---

[3]     The factors set forth in 18 U.S.C. § 3553(a) are:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

3:19-CV-0988, 2019 WL 5569616, at *3 (M.D. Pa. Oct. 29, 2019). The First Step Act amended §

3582(c)(1)(A), which now provides that "a motion for reduction in sentence may be filed by either

the Director of the BOP or a federal inmate" after the federal inmate exhausts administrative

remedies. Id.

"Congress did not define 'extraordinary and compelling reasons' except to provide

'rehabilitation…alone' does not suffice." Adeyemi, 2020 WL 3642478, at *7 (quoting 28 U.S.C.

§ 994(t)). The Third Circuit Court of Appeals has explained that "compelling and extraordinary"

reasons for the reduction of a sentence are "defined by the commentary to policy statement

U.S.S.G. § 1B1.13." United States v. Handerhan, No. 19-1904, 789 F. App'x 924, 925 (3d Cir.

2019) (citing United States v. Barberena, 694 F.3d 514, 521 n.10 (3d Cir. 2012)).

The 2023 Guidelines Manual contains an updated policy statement for compassionate

release.  As relevant to the pending motion, the policy provides that the court may reduce a term

of imprisonment if, after considering the § 3553(a) factors, it determines: (1) extraordinary and

compelling reasons warrant the reduction; (2) the defendant is not a danger to any person or the

community; and (3) the reduction is consistent with the policy.  U.S.S.G § 1B1.13.  The policy

identifies potential extraordinary and compelling reasons based on (1) medical circumstances; (2)

age; (3) family circumstances; (4) victim of abuse; (5) other reasons similar in gravity to (1)-(4);

and (6) an "unusually long sentence."  Id.

The policy statement relating to unusually long sentences provides:

(6) Unusually Long Sentence.--If a defendant received an unusually long sentence
and has served at least 10 years of the term of imprisonment, a change in the law
(other than an amendment to the Guidelines Manual that has not been made
retroactive) may be considered in determining whether the defendant presents an
extraordinary and compelling reason, but only where such change would produce
a gross disparity between the sentence being served and the sentence likely to be
imposed at the time the motion is filed, and after full consideration of the
defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The policy statement also contains an express limitation that nonretroactive changes in law, except as provided in (b)(6) (quoted above), cannot constitute an extraordinary and compelling reason:

> (c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c).

The rehabilitation of a defendant, by itself, cannot be an extraordinary and compelling reason; but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. 994(t)).

The Commission's policy statement "does not constrain a court's independent assessment about whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)." United States v. Somerville, No. 2:12-CR-225-NR, 2020 WL 2781585, at *6-7 (W.D. Pa. May 29, 2020) (holding the court has authority to independently assess whether there are "extraordinary and compelling reasons" to reduce a defendant's sentence).[4]

"The starting point in discerning congressional intent is the existing statutory text[.]" Lamie

---

[4]    This conclusion is shared by a "vast majority" of courts that considered "whether courts may independently evaluate extraordinary and compelling reasons to reduce sentences" under the catchall provision of U.S.S.G. § 1B1.13. Adeyemi, 2020 WL 3642478, at *10 (collecting decisions).

v. U.S. Tr., 540 U.S. 526, 534 (2004). "Extraordinary and compelling" is not defined by statute,

and, therefore, the court must give the terms their "'ordinary meaning.'" United States v. Diallo,

575 F.3d 252, 256 (3d Cir. 2009) (quoting Moskal v. United States, 498 U.S. 103, 108 (1990)).

The court in Somerville explained:

> The word "extraordinary" is commonly understood to mean "going beyond what is
> usual, regular, or customary," or "exceptional to a very marked extent."
> *Extraordinary*, Merriam-Webster Dictionary (2020); see also *Extraordinary*,
> Black's Law Dictionary (11th ed. 2019) ("Beyond what is usual, customary,
> regular, or common.").
>
> The word "compelling" means "forceful," "demanding attention," or "convincing."
> *Compelling*, Merriam-Webster Dictionary (2020); see also *Compelling Need*,
> Black's Law Dictionary (11th ed. 2019) ("A need so great that irreparable harm or
> injustice would result if it is not met.").
>
> Thus, at a minimum, § 3582(c)(1)(A)(i) requires a justification for release that is
> both unusual (i.e., unique to the inmate, and beyond the ordinary hardship of prison)
> and significant (i.e., serious enough to make release appropriate).

Somerville, 2020 WL 2781585, at *7.

### i.  Changes in the Law

Many of Frazier's arguments are based on the contention is that if he was sentenced today,

he would face a lower advisory guideline range because he would not be classified as a career

offender.  Frazier does not contest the lawfulness of his original sentence or the reduction in his

prison term from 360 months to 262 months.

In United States v. Andrews, 12 F.4th 255 (3d Cir. 2021), the Third Circuit Court of

Appeals explained that subsequent changes to the law affecting a defendant's sentence do not

create an extraordinary and compelling reason for compassionate release:

> The duration of a lawfully imposed sentence does not create an extraordinary or
> compelling circumstance. "[T]here is nothing 'extraordinary' about leaving
> untouched the exact penalties that Congress prescribed and that a district court
> imposed for particular violations of a statute."

Id. at 260–61 (citation omitted).  The court reasoned that under Supreme Court precedent, the "ordinary practice" in federal sentencing is to withhold new sentencing changes from defendants already sentenced, and that a practice considered "ordinary" cannot simultaneously be an "extraordinary" reason for compassionate release.  Id. (citations omitted); *accord* United States v. Morris, No. 22-2204, 2022 WL 5422343, at *2 (3d Cir. Oct. 7, 2022) ("To the extent that Morris argued that intervening developments in case law made it such that he would not be sentenced as a career offender today (even if his original sentence was proper), such developments do not provide an extraordinary and compelling reason for release.").

In United States v. Rivera, No. 21-3044, 2022 WL 4533837 (3d Cir. Sept. 28, 2022), the court rejected essentially the same argument being made by Frazier.  The defendant sought compassionate release because his prior conviction no longer qualified as a predicate offense for career offender status.  The court rejected this argument and explained "even assuming that the law changed in Rivera's favor, this does not constitute an extraordinary and compelling reason to warrant a sentence reduction."  Id. at * 2 (citing Andrews).

In United States v. Rodriguez, No. 23-1646, 2023 WL 4077341, at *2 (3d Cir. June 20, 2023), the Third Circuit Court of Appeals rejected an argument based on the decision in United States v. Nasir, 17 F.4th 459 (3d Cir. 2021) (en banc) (holding that inchoate crimes like attempt are not predicate offenses for career offender status).  In Rodriguez, the defendant argued that under Nasir, he no longer qualified as a career offender. The court held that even assuming the defendant was correct, he "nevertheless failed to demonstrate extraordinary and compelling reasons for a reduction."  Id.   The court explained that the defendant's "conviction and sentence were valid under controlling law at the time and being required to serve a valid sentence is not extraordinary and compelling."  Rodriguez, 2023 WL 4077341, at *2.  The court reiterated: "not

benefitting from the non-retroactive application of <u>Nasir</u> is not extraordinary or compelling."  <u>Id.</u>

The same reasoning applies here.  Even assuming, for argument's sake, that Frazier would benefit from subsequent, nonretroactive changes in the law, his original sentence and the substantial reduction of that sentence were lawful.  That Frazier may face a lower statutory or guideline regime if sentenced today, therefore, does not constitute an extraordinary and compelling reason for compassionate release.

### ii.  Unusually long sentence

Frazier appears to satisfy some of the prerequisites to qualify for consideration of compassionate release under U.S.S.G. § 1B1.13(b)(6) (relating to an unusually long sentence). Frazier has served over 21 years in prison.  The 262-month sentence he is currently serving is arguably grossly disparate from the sentence he would likely receive if sentenced at the time his pending motion was filed.  Without the career offender designation, Frazier's guideline calculation at count two would be base offense level 20 (because he possessed 21.435 grams of cocaine base, PIR ¶ 15); no acceptance of responsibility; and criminal history category IV, for an advisory range of 51-63 months in prison.

Sentencing Guideline § 1B1.13(b)(6) expressly prohibits non-retroactive guidelines amendments from being considered to be an extraordinary and compelling reason.  Arguably, however, the removal of Frazier's career offender designation does not result from amendments to the Guidelines Manual that have not been made retroactive.  The text of the career offender guideline, U.S.S.G. § 4B1.1, remains unchanged (*compare* 2021 and 2023 Guidelines Manuals). Instead, the removal of Frazier's career offender designation results from other changes in the law with respect to a predicate offense (i.e, *Mathis v. United States*, 136 S. Ct. 2243 (2016) (generic

simple assault is not a crime of violence)), which impact application of the career offender guideline in his case.  It appears the change at issue here falls within U.S.S.G. § 1B1.13 (c), which provides that changes in the law not subject to the exceptions in § 1B1.13(b)(6) are not to be considered an extraordinary or compelling reason.

Even if Frazier met all requirements of § 1B1.13(b)(6), he would not be entitled to relief. Courts in the Third Circuit view Guideline § 1B1.13(b)(6) to be in conflict with Third Circuit Court of Appeals' binding precedent.  As explained in United States v. Johnson, No. CR 09-0685-02, 2024 WL 665179, at *1–2 (E.D. Pa. Feb. 16, 2024):

> Binding precedent forecloses application of the Sentencing Commission policy statement to Johnson's case. Specifically, in United States v. Andrews, the Third Circuit held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance" warranting compassionate release. 12 F.4th 255, 260-61 (3d Cir. 2021). As this Court recently explained, this decision "remains binding law in this circuit, and it forecloses [the defendant's] argument that he is eligible for compassionate release pursuant to Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement." United States v. Carter, --- F.Supp.3d ----, 2024 WL 136777, at *6 (E.D. Pa. Jan. 12, 2024) (Beetlestone, J.).

> As explained, Section 1B1.13(b)(6) states that an "unusually long sentence" may be deemed an "extraordinary and compelling reason" warranting compassionate release, provided that the defendant has served at least 10 years of their term of incarceration, and that a non-retroactive change in the law has produced a "gross disparity" between the sentences of otherwise similarly situated individuals. U.S.S.G. § 1B1.13(b)(6). That provision—which indisputably covers [the defendant] and others in his position—is incompatible with Andrews's interpretation of the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), and its holding that "the duration of [a defendant's] sentence and the nonretroactive changes to mandatory minimums" is not one of the "extraordinary and compelling reasons" described by the statute. Andrews, 12 F.4th at 260.

> Id. "Unless and until any reconsideration of Andrews takes place or it is abrogated by a Supreme Court decision," id. at *5, Section 1B1.13(b)(6) may not serve as the basis for compassionate release.

Id. at *1-2.  In sum, Frazier's lawful sentence does not constitute an extraordinary or compelling reason for compassionate release.

### iii.   Other reasons

Frazier cited his own medical and mental health conditions, and the health condition of his mother, as a basis for compassionate release.  Frazier did not provide any evidence or medical records is support of those arguments.  Frazier, therefore, failed to meet his burden to produce evidence to demonstrate an extraordinary and compelling reason for compassionate release.  See e.g., Matthews, 2020 WL 5217132, at *6.

Frazier' efforts to rehabilitate himself while incarcerated are commendable, but cannot, standing alone, satisfy his burden to show an extraordinary and compelling reason for compassionate release. 28 U.S.C. § 994(t); U.S.S.G. 1B1.13(d).  If Frazier met his burden to demonstrate other circumstances justifying release, the court would consider his rehabilitative efforts as part of its assessment of the extent to which a reduction in his term of imprisonment would be warranted.  Id.

### iv.   Section 3553(a) factors

The compassionate release statute states that a court may reduce the term of imprisonment "after" it considers the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A).  Because the court concludes that Frazier failed to show an extraordinary or compelling reason, it need not address the § 3553 factors or whether Frazier poses a danger to any person or the community at this time.  U.S.S.G. § 1B1.13.

### v.   Conclusion about motion to reduce sentence

Once a court imposes a sentence and it becomes final, it may not be modified unless an exception to the rule of finality applies in the case. Here, Frazier did not satisfy his burden under § 3582(c)(1)(A) to show that an extraordinary and compelling reason warrants his premature release from imprisonment.  The motion to reduce sentence (ECF No. 331) will be denied without

prejudice.

**IV.     Conclusion**

For the reasons set forth above, the court will enter an order resolving the pending motions as follows: (1) Frazier's pro se motion to correct clerical error (ECF No. 330) will be denied as superseded because he is not entitled to hybrid representation; (2) Frazier's counseled motion to correct clerical error (ECF No. 339) will be denied; and (3) Frazier's pro se motion to reduce sentence (ECF No. 331) will be denied without prejudice.

An appropriate order will be entered.

BY THE COURT,

Dated: March 26, 2024                    /s/ JOY FLOWERS CONTI
                                                           Joy Flowers Conti
                                                           Senior United States District Court Judge